MICHAEL P. HEALY, #4777-0
1188 Bishop Street, Suite 3304
Honolulu, HI 96813
Telephone: (808) 525-8584
Facsimile: (808) 376-8695
E-Mail: honolululawyer@outlook.com

CHARLES H. BROWER, #1980-0
900 Fort Street, Suite 1210
Honolulu, HI 96813
Telephone: (808) 526-2688
Facsimile: (808) 526-0307
E-Mail: honolululaw808@gmail.com

Attorneys for Plaintiff
Miyoko Mizuno

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MIYOKO MIZUNO,<br><br>      Plaintiff,<br><br>vs.<br><br>WYNDHAM VACATION OWNERSHIP, INC.,<br><br>      Defendant. | CIVIL NO. _____<br><br>COMPLAINT; JURY DEMAND; SUMMONS |

## COMPLAINT

COMES NOW, Plaintiff MIYOKO MIZUNO, by and through her attorneys Charles H. Brower and Michael P. Healy, and for causes of action against Defendant, alleges and avers as follows:

## STATUS OF THE PARTIES

1. Plaintiff MIYOKO MIZUNO (hereinafter "MIZUNO") is and was at all times mentioned herein a resident of Honolulu, Hawaii.

2. Defendant WYNDHAM VACATION OWNERSHIP, INC., (hereinafter "WYNDHAM") is and was at all times mentioned herein a foreign profit corporation incorporated in the State of Delaware and doing business in the State of Hawaii.

## NATURE OF THE CASE

3. Plaintiff MIZUNO was hired by Defendant WYNDHAM in April 2018, as a Sales Agent selling timeshares.

4. Plaintiff MIZUNO was denied reasonable accommodation in 2019, for physical injuries and disabilities caused by a car accident, and terminated from employment with Defendant WYNDHAM on November 13, 2019, due to her disability, which had required medical leave which was to end in January 2020.

5. Plaintiff MIZUNO was also terminated from employment with Defendant WYNDHAM for whistleblowing about discrimination and other violations of law.

6. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) based upon disability discrimination which was

assigned case number 486-2020-00358. A Dismissal and Notice of Rights was received by Plaintiff on June 18, 2021.

## JURISDICTION

7. The jurisdiction of this Court is pursuant to The Americans With Disability Act of 1990, as amended by the ADA Amendments Act of 2008.

8. The administrative prerequisites for filing this cause of action have been fulfilled. A Dismissal and Notice of Rights was issued by the EEOC on May 26, 2021, which was mailed to Plaintiff on June 11, 2021 and received by Plaintiff on June 18, 2021.

## STATEMENT OF FACTS

9. Plaintiff MIZUNO was hired by Defendant WYNDHAM in April 2018, as a Sales Agent selling timeshares.

10. Plaintiff was injured in an automobile accident in June 2018, in which she suffered leg injuries including fractures. Plaintiff could not walk or stand, and could not work.

11. Plaintiff was denied reasonable accommodation in 2018 for her injuries and disability.

12. In October 2018, because she was denied accommodation, Plaintiff aggravated her injuries and had to take medical leave.

13. Between October 2018 to October 2019, Plaintiff had to take leave due to her injuries. Plaintiff had obtained and submitted to Defendant WYNDHAM doctor's certificates for her various absences.

14. Plaintiff had a final doctor note for her return to work in January 2020, which was submitted to Defendant WYNDHAM.

15. Plaintiff complained about the failure to accommodate to Defendant WYNDHAM, as well as other violations of law and company policy.

16. In October 2019, Plaintiff provided the final doctor note for her return to work in January 2020.

17. On November 13, 2019, Plaintiff was terminated.

18. Defendant WYNDHAM took Plaintiff's personal property and belongings from her locker and failed and refused to return the belongings to her.

19. Prior to Plaintiff's absence due to injuries while employed with Defendant, Plaintiff's attendance and work performance were good and Plaintiff was able to perform the essential job functions of her position.

20. If not for Plaintiff's disability, Plaintiff would not have been terminated.

21. The actions of Defendant and its employees as described above are oppressive, outrageous, and otherwise characterized by aggravating circumstances sufficient to justify the imposition of punitive damages.

## STATEMENT OF CLAIMS

## COUNT I - DISABILITY DISCRIMINATION

22. Plaintiff repeats and realleges all prior allegations as if fully set forth herein.

23. The Americans With Disabilities Act of 1990, as amended, prohibits discrimination due to a disability, and to provide a reasonable accommodation to a person with a disability, including medical leave.

24. The aforesaid acts and/or conduct of Defendants constitute discrimination as they were acts and/or failure to act by Defendants and its employees in direct violation of the Americans With Disabilities Act of 1990, as amended.

25. Plaintiff has suffered, as a direct and proximate result of the aforesaid conduct, damages by way of loss of earnings and earning capacity, loss of fringe and pension benefits, and other benefits due her.

26. As a further direct and proximate result of said unlawful conduct, Plaintiff has suffered the indignity of harassment, the invasion of her right to be free from unlawful employment practices, and great humiliation, which is manifest in emotional distress.

27. As a further direct and proximate result of said unlawful employment practices, Plaintiff has suffered mental anguish, outrage, depression, severe anxiety about her future and her ability to support herself, harm to her employability and

5

earning capacity as well as loss of a career advancement opportunity, painful embarrassment among her friends and co-workers, disruption of her personal life, and loss of enjoyment of the ordinary pleasures of everyday life for which she is entitled to an award of general damages.

## COUNT II

## WHISTLEBLOWER'S PROTECTION ACT

28. Plaintiff repeats and realleges all prior allegations as if fully set forth herein.

29. The termination alleged was in violation of H.R.S. § 378-62 due to Plaintiff's report of a violations of laws for which an award of damages to be proven at trial.

## COUNT III

## CONVERSION

30. Defendant WYNDHAM did not return Plaintiff's possessions to her.

31. The actions of Defendant and its employees as described above are oppressive, outrageous, and otherwise characterized by aggravating circumstances sufficient to justify the imposition of punitive damages.

WHEREFORE, upon a hearing hereof Plaintiff MIZUNO prays that judgment be entered on all Counts:

A. For reinstatement to Plaintiff MIZUNO's position with Defendant WYNDHAM, including all benefits; and

B. For all damages to which Plaintiff MIZUNO is entitled, including general damages and other damages to be proven at trial; and

C. For special damages, including back pay, front pay and other expenses; and

D. For punitive damages; and

E. For attorney's fees, costs, and interest, including prejudgment interest; and

F. For such other and further relief as is appropriate.

The total amount of damages prayed for exceeds the minimum jurisdictional limits of this Court.

DATED: Honolulu, Hawaii, September 10, 2021.

/s/ Charles H. Brower
CHARLES H. BROWER
MICHAEL P. HEALY
Attorneys for Plaintiff
Miyoko Mizuno